HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, | CASE NO. 14-1398 RAJ |
| Plaintiff, | ORDER |
| v. | |
| COMMERCE AND INDUSTRY INSURANCE CPOMPANY et al., | |
| Defendants. | |

## I. INTRODUCTION

Mr. Artemio Figueroa was employed by LVI Facility Services ("LVI"), a demolition subcontractor. On September 15, 2011, he suffered fatal injuries while operating a bobcat at the McGuire Building jobsite in downtown Seattle. The general contractor for the demolition project was Lease Crutcher Lewis ("Lease Crutcher") and the owner of the property was Carpenter's Tower ("Carpenter"). LVI was insured by defendant Commerce and Industry Insurance Company ("CIIC"), while Lease Crutcher was insured by plaintiff National Fire Insurance Company of Hartford ("Hartford"). Carpenter was insured by non-party Travelers Insurance Company ("Travelers").

- 1

1    Mr. Figueroa's estate ("the Figueroa Estate") filed a wrongful death action in state

2    court ("the Underlying Action") that recently settled.  The matter before this court relates

3    solely to the priority of the applicable insurance policies and the rights and obligations of

4    each insurer with respect to the Underlying Action.  Hartford and CIIC have filed cross

5    motions for summary judgment.  Dkt. ## 15, 30.  CIIC has also filed a motion for leave to

6    amend its answer to include a counterclaim for declaratory relief.  Dkt. # 17.

7    For the reasons stated below, the motions for summary judgment (Dkt. ## 15, 30)

8    are GRANTED IN PART AND DENIED IN PART, without prejudice to the re-filing of

9    similar motions as stated at the conclusion of this order.  CIIC's motion for leave to

10   amend its answer (Dkt. # 17) is GRANTED.

## II. BACKGROUND

**A.   The Parties**

13   Plaintiff Hartford is the primary liability insurer for general contractor Lease

14   Crutcher.  Nonparty Travelers is the primary insurer for Carpenter, the owner of the

15   building.

16   Defendant CIIC is the primary liability insurer for demolition subcontractor LVI.

17   Lease Crutcher and Carpenter are named as "additional insureds" on the CIIC/LVI

18   policy.

19   Defendant New Hampshire Insurance Company ("New Hampshire") issued an

20   excess umbrella policy that both parties agree is no longer at issue.  Accordingly, as

21   stated below, New Hampshire is dismissed from this action.

**B.   Underlying Action**

23   On September 15, 2011 Mr. Figueroa, an employee of LVI, died while working on

24   the McGuire Building demolition project.  The Figueroa Estate sued Lease Crutcher and

25   Carpenter for wrongful death in King County Superior Court.  Carpenter was dismissed

26   at the summary judgment stage and the remaining claims between Lease Crutcher and the

27   Figueroa Estate were resolved in mediation.

1    Mr. Figueroa's employer, LVI, was not a party to the Underlying Action.

2 Nevertheless, CIIC (LVI's insurer) provided a defense for Lease Crutcher.  Hartford also

3 provided a defense for Lease Crutcher as well as a defense for Carpenter.

4    Both Hartford and CIIC incurred costs defending the Underlying Action, however

5 only CIIC contributed to the settlement amount, which appears to be in excess of $1

6 million.[1]

7 **C.   The CIIC Insurance Policy**

8    As stated above, Lease Crutcher is an Additional Insured ("AI") on the CIIC

9 policy issued to LVI.  The relevant provision in the CIIC policy states:

10

11    Under Coverage A, all clients whom you have agreed, by
     written contract, to include as additional insureds, but only for
12    liability arising out of **your work**, and excluding liability
     arising out of such clients own negligence.
13

14 Lawson Decl., Ex. A, p. 25, ¶ 5.

15    The AI endorsement to the CIIC policy provides:

16    In consideration of an additional premium, of $included, it is
     hereby agreed that the following is included as an Additional
17    Insured as respects Coverage A and B but only as respects
     liability arising out of **your work** for the Additional Insured
18    by or for you.

19

20    Additional Insured:
     BLANKET WHERE REQUIRED BY WRITTEN
21    CONTRACT.

22    This does not apply to bodily injury or property damage
     arising out of the sole negligence or willful misconduct of, or
23    for defects in design furnished by, the Additional Insured.

24

25 _____

26    [1] Counsel for Hartford appears to have stated the exact settlement amount in its reply
   papers.  Dkt. # 40.  Because counsel for CIIC has informed the court that the terms of the
27 settlement were intended to be confidential, the court will not restate that amount in its order.

> As respects the coverage afforded the Additional Insured, this insurance is primary and non-contributory, and our obligations are not affected by any other insurance carried by such Additional Insured whether primary, excess or contingent, or on any other basis.
>
> This endorsement does not increase the Company's limits of liability as specified in the Declarations of this policy.
>
> All other terms, conditions, and exclusions shall remain the same.

Dkt. # 19, p. 7.

### D.   The Subcontract between Lease Crutcher and LVI

The subcontract's indemnity provision indicates that LVI has a broad duty to defend and indemnify Lease Crutcher and Carpenter:

> Subcontractor shall defend, indemnify, and hold Contractor, Owner, Owner's Lender, Architect, Architect's consultants, and their respective officers, partners, agents and employees harmless from *any and all claims*, *demands*, losses and liabilities to or by third parties *arising from, resulting from, or connected with*, services performed or to be performed under this Subcontract by Subcontractor or Subcontractor's agents, employees, sub-tier subcontractors, and suppliers to the fullest extent permitted by law *and subject to the limitations provided below*.

This broad duty is limited by the following provisions:

> Subcontractor's duty to indemnify and <u>defend</u> Contractor and other indemnitees shall not apply to liability from damages arising out of bodily injury to persons or damages to the property caused by, or resulting from, the *sole negligence* of Owner, Contractor, or other indemnitees.
>
> Subcontractor's duty to <u>indemnify</u> Contractor and other indemnitees for liability for damages arising out of bodily injury to persons or damages to property caused by or resulting from the *concurrent negligence* of Contractor or

other indemnitees shall apply only to the extent of negligence of Subcontractor or Subcontractor's agents, employees, or sub-tier subcontractors and suppliers.

Laveson Decl., Ex. E, p. 5 (emphasis added).

### III. LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).  On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case.  *Celotex Corp.*, 477 U.S. at 325.  If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

### IV. ANALYSIS

Both Hartford and CIIC have incurred costs defending the Underlying Action. Hartford claims to have incurred a total of $154,487.81 in defending Lease Crutcher and Carpenter.  Dkt. # 30, p. 6.  Hartford seeks reimbursement of that amount from CIIC.

CIIC's costs include the amount it expended defending Lease Crutcher and the amount it paid to settle the Underlying Action.  CIIC seeks reimbursement of the settlement amount (> $ 1 million), or some portion thereof.  Dkt. # 38, n.12, n.13.

1   To determine which party is entitled to reimbursement, the court must separately

2   address the duty to defend and the duty to indemnify.

3   **A.  <u>Duty to Defend</u>**

4   An insurer's duty to defend is separate from, and substantially broader than, its

5   duty to indemnify.  *Nat'l Sur. Corp. v. Immunex Corp.*, 176 Wash. 2d 872, 878-89 (2013)

6   (en banc) (citing *Truck Ins. Exch. V. VanPort Homes, Inc.*, 147 Wash. 2d 751, 760

7   (2002)).  The duty to <u>indemnify</u> applies to claims that are *actually* covered, while the

8   duty to <u>defend</u> "arises when a complaint against the insured construed liberally, alleges

9   facts which could, if proven, impose liability upon the insured within the policy's

10  coverage."  *Id.* at 879 (internal quotations and citations omitted).  An insurer is not

11  relieved of its duty to defend unless the claim alleged in the complaint is "clearly not

12  covered by the policy."  *Woo v. Fireman's Fund Ins. Co.*, 161 Wash.2d 43, 52 (2007).

13  Thus, "If there is any reasonable interpretation of the facts or the law that could result in

14  coverage, the insurer must defend."  *Immunex*, 176 Wash. 2d at 879.

15  The complaint in the Underlying Action named Lease Crutcher and Carpenter as

16  defendants; LVI was not named.[2]  The allegations, construed liberally, alleged negligence

17  on behalf of all three -- Lease Crutcher, Carpenter and LVI.  *See* Dkt. # 16-1, p. 141.

18  Thus, as of the filing of the complaint, each entity's insurer had a duty to defend their

19  respective insured.  *See Woo*, 161 Wash.2d at 52 (finding that the duty to defend "arises

20  at the time an action is first brought, and is based on the *potential* for liability.").

21  Of course, the parties can vary such duties and obligations by contract.  Pursuant

22  to the parties' subcontract, LVI was required to undertake the defense of Carpenter (the

23  owner) and Lease Crutcher (the general contractor) when the Underlying Action involved

24

25  _____

26  
27      [2] LVI likely was not named because it is immune from a direct suit by its employees
under RCW 51.

1  a claim for negligence "arising from, resulting from, or connected with" LVI's work.
2  The parties subcontract states, in relevant part:

3
4              Subcontractor shall <u>defend</u>, indemnify, and hold Contractor,
               Owner, Owner's Lender, Architect, Architect's consultants,
5              and their respective officers, partners, agents and employees
               harmless from *any and all claims*, *demands*, losses and
6              liabilities to or by third parties *arising from, resulting from,*
               *or connected with*, services performed or to be performed
7              under this Subcontract by Subcontractor or Subcontractor's
               agents, employees, sub-tier subcontractors, and suppliers to
8              the fullest extent permitted by law *and subject to the*
9              *limitations provided below*.

10             Subcontractor's duty to indemnify <u>and defend</u> Contractor and
11             other indemnitees *shall not apply* to liability from damages
               arising out of bodily injury to persons or damages to the
12             property caused by, or resulting from, *the sole negligence of*
13             *Owner, Contractor, or other indemnitees*.

14  Dkt. # 16-1, pp. 158-159 (emphasis added).

15
16        Thus, based upon the plain language of the subcontract, LVI was required to
17  defend Lease Crutcher and Carpenter against any claim or demand that was merely
18  "connected with" LVI's work.  Mr. Figueroa died while operating a bobcat and
19  performing work on behalf of LVI.  Therefore, the claims in the Underlying Action were
20  indisputably "connected with" LVI's work.  Accordingly, LVI was required to provide a
21  defense *unless* Mr. Figueroa's death was caused by the sole negligence of Lease Crutcher
    and/or Carpenter.
22        The duty to provide this defense extended to LVI's insurer, CIIC, pursuant to the
23  AI endorsement quoted above.  The coverage CIIC promised to provide under these
24  circumstances was "primary and non-contributory."  Dkt. # 19, p. 7.
25

26

27

ORDER- 7

### 1.  Reimbursement for Hartford's Defense of Carpenter

Hartford provided a defense for Carpenter in the Underlying Action and now seeks reimbursement for those costs from CIIC.  Hartford contends that it is entitled to reimbursement because Carpenter was dismissed from the action at the summary judgment stage, thereby establishing that Mr. Figueroa's injury was not caused by Carpenter's "sole negligence."

CIIC responds that it has no duty to reimburse Hartford because Carpenter (the named insured) never tendered its defense to CIIC.  Rather, Travelers (Carpenter's primary insurer) attempted to tender the defense to CIIC.  *See* Dkt. # 33, pp. 21-22. Under Washington law, an "insurer who seeks contribution does not sit in the place of the insured and cannot tender a claim to the other insurer."  *Mutual of Enumclaw, Inc. v. USF Ins. Co.*, 164 Wash.2d 411, 421 (2008).  "Thus, if the insured has not tendered a claim to an insurer prior to settlement or the end of trial, other insurers cannot recover in equitable contribution against that insurer."  *Id.*

However, this rule does not apply when an insurer has been contractually subrogated to the insured's rights (i.e., the insured assigned its rights to the insurer).  *See id.* at 424-25 (finding that an insurer who received full contractual assignment of the insured's rights may tender the claim to another insurer, as long as the "late tender" does not result in prejudice).  Here, Hartford claims that such an assignment of rights exists between Carpenter and Travelers.  Dkt. # 40, p. 7.  Hartford points to the Travelers/Carpenter agreement, which states:

> If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us.  The insured must do nothing after loss to impair them.  *At our request*, the insured will bring "suit" or transfer those rights to us and help us enforce them.

Dkt. # 33, p. 52, ¶ 8 (emphasis added).

1    Although it appears likely that Carpenter assigned its rights to Travelers, the
2    record contains no actual evidence of the assignment.  Additionally, the parties have
3    failed to analyze the effect of the above provision, including any prejudice to CIIC that
4    may have resulted from the timing of Travelers' tender.  Accordingly, summary judgment
5    is denied without prejudice to the re-filing of a second motion as set forth at the
6    conclusion of this order.

7    **2.  Reimbursement for Hartford's Defense of Lease Crutcher**

8    Hartford also seeks reimbursement for the amounts it spent defending Lease
9    Crutcher.  CIIC responds that Hartford is not entitled to reimbursement because Hartford
10   had an independent duty to defend Lease Crutcher until the state court actually
11   determined that Lease Crutcher was not solely negligent.  The court disagrees.

12   "When the facts or the law affecting coverage is disputed, the insurer may defend
13   under a reservation of rights until coverage is settled in a declaratory action." *American*
14   *Best Foods, Inc. v. Alia London, Ltd.*, 168 Wash. 2d 398, 405 (2010).  Once that coverage
15   is settled in a declaratory action, the insurer may seek contribution from the other insurer.
16   *See Mutual of Enumclaw*, 164 Wash. 2d at 419 ("In the context of insurance law,
17   contribution allows an insurer to recover from another insurer where both are
18   independently obligated to indemnify or defend the same loss.")  That is exactly what
19   Hartford is doing in the instant declaratory action.

20   The subcontract and AI provisions quoted above place the burden on CIIC to
21   defend the Underlying Action *unless* Lease Crutcher is solely negligent.  Here, Hartford
22   has presented sufficient evidence at the summary judgment stage to meet its burden of
23   showing that Lease Crutcher was not solely negligent.  In support of its motion, Hartford
24   has submitted evidence that the Washington Department of Labor and Industries
25   investigated LVI in connection with this incident and found a number of "serious" OSHA
26   violations at the jobsite.  Dkt. # 31, p. 16. The department cited LVI for these violations
27   and imposed a fine of $15,600.  S*ee Kelley v. Howard S. Wright Constr. Co.*, 90 Wash.

2d 323, 336 (1978) (en banc) (finding that violation of OSHA regulations is negligence per se).  Hartford also presented the testimony of an LVI employee, Mr. Alredo Solis, in which he explained that LVI directed demolition operations at the jobsite, not Lease Crutcher.  *See* Dkt. # 32, p. 135 (Q. Okay and is it safe to say that Lease Crutcher Lewis personnel was not directing you with respect to the operations in the hard demolition? A. No. LVI.; Q. And is that how it usually worked on the jobs you worked for with LVI? A. Yes. LVI directed us.").  Hartford also submitted declarations and additional deposition testimony that suggested that LVI was *at least* contributorily negligent.  *Id.*, Exs. E-J.

To survive summary judgment on this point, CIIC must set forth specific facts showing that there is a genuine issue of disputed fact for trial.  *Anderson*, 477 U.S. at 250.  CIIC, however, failed to dispute any of these facts.  *See generally* Dkt. # 38.  Accordingly, Hartford is entitled to summary judgment as to its claim for equitable contribution related to the defense costs it expended on behalf of Lease Crutcher.  The exact amount owed to Hartford (and the reasonableness of those fees) can be decided by subsequent motion or at trial.[3]  *Arch Ins. Co. v. Scottsdale Ins.Co.*, 2011 WL 4365817, at (W.D. Wash. Oct. 27, 2010).

**B.   Duty to Indemnify**

In contrast to the duty to defend, the duty to indemnify "hinges on the insured's actual liability to the claimant and actual coverage under the policy."  *Hayden v. Mut. of Enumclaw Ins. Co.*, 141 Wash.2d 55, 64 (2000) (en banc).  Unlike the duty to defend, the language in the subcontract regarding the duty to *indemnify* is expressly limited by the *extent* of LVI's contributory negligence.

_____

[3] The court notes that CIIC believes that a conflict was created between the two lawyers representing Lease Crutcher (the one hired by Hartford and the one hired by CIIC) because the lawyer hired by Hartford pursued a cross-claim against CIIC.  This conflict may well have existed and it is understandable that CIIC believes it should not be required to fund litigation against itself, however CIIC has cited no legal authority to support its position.  The court will not do counsel's work for them.

1

2        Subcontractor's duty to <u>indemnify</u> Contractor and other
indemnitees for liability for damages arising out of bodily
3        injury to persons or damages to property caused by or
resulting from the *concurrent negligence* of Contractor or
4        other indemnitees shall apply *only to the extent* of negligence
of Subcontractor or Subcontractor's agents, employees, or
5        sub-tier subcontractors and suppliers.

6

7        This limitation is recognized in the AI endorsement to the CIIC/LVI policy, which

8 states that Lease Crutcher is covered as an additional insured "only as respects liability

9 arising out of [LVI's] work" and that this coverage is "blanket where required by written

10 contract."  The endorsement reiterates that "all other terms, conditions, and exclusions"

11 remain the same.

12        Here, there has been no determination on the merits regarding the relative

13 negligence of LVI and Lease Crutcher.  Hartford asks the court to jump to the conclusion

14 that Mr. Figueroa's death arose from LVI's work and that Lease Crutcher had no fault in

15 the matter, but that is plainly an issue of fact for trial.[4]

16        Accordingly, with respect to LVI/CIIC's duty to indemnify Lease Crutcher/

17 Hartford, summary judgment is inappropriate.

18 **C.**   <u>**Motion to Amend Answer to Assert Counterclaim for Declaratory Relief**</u>

19        As stated above, CIIC is the only insurer to contribute to the settlement amount

20 paid to the Estate of Figueroa.  CIIC seeks leave to amend its answer to assert

21 counterclaims that seek the same relief sought by plaintiff Hartford, *i.e.*, a declaration

22 regarding the rights and obligations of each insurer, equitable indemnity, equitable

23 contribution and subrogation.  *See* Dkt. # 17.

24 _____

25     [4] To the extent Hartford argues that the court should read the AI endorsement in isolation,
26 the court finds that argument unpersuasive.  Hartford cites no authority to support its position
and traditional rules of contract interpretation require the court to consider the parties' agreement
27 as a whole.  *See Lewark v. Davis Door Servs., Inc.*, 180 Wash. App. 239, 244 (2014).

1    Under Rule 15(a), the court should freely grant leave to amend "when justice so

2  requires." Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided

3  by the underlying purpose of Rule 15 to facilitate a decision on the merits, rather than on

4  the pleadings or technicalities." *Roth v. Garcia Marquez,* 942 F.2d 617, 628 (9th Cir.

5  1991); *United States v. Webb,* 655 F.2d 977, 979 (9th Cir. 1981).  The policy of favoring

6  amendments to pleadings should be applied with "extreme liberality." *DCD Programs,*

7  *Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987).

8    Against this extremely liberal standard, the Court may deny leave to amend after

9  considering "the presence of any of four factors: bad faith, undue delay, prejudice to the

10  opposing party, and/or futility." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d

11  708, 712 (9th Cir. 2001).  But "[n]ot all of the factors merit equal weight ... it is the

12  consideration of prejudice to the opposing party that carries the greatest weight."

13  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  "Absent

14  prejudice, or a strong showing of any of the remaining [ ] factors, there exists a

15  presumption under Rule 15(a) in favor of granting leave to amend." *Id.*  The party

16  opposing amendment bears the heavy burden of overcoming this presumption.  *DCD*

17  *Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

18    Here, Hartford has failed to explain how it will be prejudiced by CIIC's proposed

19  amendment.  The counterclaims proposed by CIIC seek the identical relief sought by

20  Hartford and do not add any new issues or new discovery to this matter.  Accordingly,

21  CIIC's motion to amend its answer (Dkt. # 17) is GRANTED.

## V. CONCLUSION

23    For all the foregoing reasons, the court GRANTS CIIC's motion to amend its

24  answer.  Dkt. # 17.  CIIC shall file its amended answer on or before March 28, 2016.

25    As set forth below, the court GRANTS IN PART AND DENIES IN PART the

26  parties' cross motion for summary judgment.  Dkt. ## 15, 30.

27

- Defendant New Hampshire Insurance Company is dismissed from this action.
- The cross-motions are denied with respect to LVI/CIIC's duty to indemnify Lease Crutcher/Hartford because the relative negligence of each party is an issue of fact for trial.
- The cross-motions are otherwise denied without prejudice.  The parties are permitted to file a second round of summary judgment briefing addressing the issues raised in this order.
- The parties' are directed to provide the court with a joint status report on or before April 22, 2016.  The report should include a proposed briefing schedule for the second round of summary judgment briefing (should the parties choose to file such motions), a proposed trial date, and estimated days for trial.
- Because this matter involves a number of different entities, the parties should adhere to the party-abbreviations used in this order in all future filings (*e.g.*, Carpenter, Lease Crutcher, LVI, CIIC, and Hartford).

Dated this 24th day of March, 2016.

The Honorable Richard A. Jones
United States District Court

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

ORDER- 14