HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATIONAL FIRE INSURANCE
COMPANY OF HARTFORD,

                     Plaintiff,

          v.

COMMERCE AND INDUSTRY
INSURANCE CPOMPANY et al.,

                     Defendants.

CASE NO. 14-1398 RAJ

ORDER

     This matter comes before the Court on the parties' second round of motions for summary judgment.  Dkt. ## 64, 66, 68.

**BACKGROUND**

     The Court summarized the facts of this matter in its prior order on motions for summary judgment.  Dkt. # 46.  In that order, the Court authorized the parties to file a new round of motions for summary judgment regarding Hartford's claim for reimbursement of its defense of Carpenter.  *Id*. at pp. 8-9.  The Court decisively denied the prior motions with respect to CIIC's duty to indemnify Hartford because the relative negligence of each party was unclear.  *Id*. at 13.  The Court further authorized CIIC to amend its answer to assert a counterclaim.  *Id*. at pp. 11-14.  CIIC subsequently amended

its answer and now requests that Hartford reimburse it for the settlement amount, which was in excess of $1 million.  Dkt. # 64.

## LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).  On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case.  *Celotex Corp.*, 477 U.S. at 325.  If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

## ANALYSIS

### A.   CIIC Requests Reimbursement for the Settlement Payment

The Court already found that CIIC had a duty to defend Lease Crutcher unless Mr. Figueroa's death was caused by the sole negligence of Lease Crutcher and/or Carpenter. Dkt. # 46 at pp. 6-7.  CIIC now seeks reimbursement from Hartford for the settlement that CIIC paid to settle the Underlying Action.  Dkt. # 64.

CIIC claims that the payment was made to settle negligence claims targeted solely at Lease Crutcher.  *Id.*  To advance its argument, CIIC relies on the Amended Complaint in the Underlying Action.  *Id.*  However, the Amended Complaint asserts negligence

1   claims against all Defendants.  Dkt. # 65-2 (Amended Complaint) at ¶ 6.2 ("The actions

2   of each of the Defendants constitute the tort of common law negligence.").  It is therefore

3   unclear from the Amended Complaint whether Lease Crutcher was solely negligent.

4   Furthermore, the Settlement Agreement contemplates a release of claims against LVI,

5   and therefore it is again not clear whether Lease Crutcher is solely liable for negligence.

6   Dkt. # 78 at p. 2.

7          CIIC has not provided the Court with sufficient evidence to conclude that no

8   issues of material fact remain.  This is especially true in light of persuasive case authority

9   that places liability on general contractors for Washington Industrial Safety and Health

10  Act of 1973 (WISHA) violations made by subcontractors.  *See*, *generally*, *Stute v.*

11  *P.B.M.C.*, 114 Wn. 2d 454 (1990).  Cases will arise, then, where an injured employee or

12  his estate will sue a general contractor for WISHA violations, and though the general

13  contractor will be called upon to settle the case, individual negligence has not been

14  proved.  Summary judgment is not appropriate in such cases without evidence of

15  individual negligence.  *See, e.g.*, *Gilbert H. Moen Co. v. Island Steel Erectors, Inc.* 128

16  Wash. 2d 745, 758-59 (denying summary judgment where general contractor settled a

17  claim but subcontractor had been cited for workplace safety violations); *Millican v. N.A.*

18  *Degerstrom, Inc.*, 177 Wash. App. 881, 892 (Washington courts have "found

19  nondelegable duties on the part of the general contractor, meaning that the general

20  contractor is held liable although he has himself done everything that could reasonably be

21  required of him.") (internal quotations omitted).  CIIC has not carried its burden to show

22  that Lease Crutcher is solely liable for negligence in the Underlying Action.

23  Accordingly, the Court **DENIES** CIIC's motion for summary judgment.  Dkt. # 64.

24  **B.   Subrogation**

25         "'Subrogation' is the principle under which an insurer that has paid a loss under an

26  insurance policy is entitled to all the rights and remedies belonging to the insured against

27  a third party with respect to any loss covered by the policy.*"  Mut. of Enumclaw Ins. Co.*

1    *v. USF Ins. Co.*, 164 Wash. 2d 411, 423 (2008) (en banc) (internal citations and

2    quotations omitted).  Conventional subrogation arises by contract and is often described

3    as an assignment, and equitable subrogation arises by operation of law.  *Id.* at 423-24.

4    "An insurer entitled to subrogation 'stands in the shoes' of the insured and is entitled to

5    the same rights and subject to the same defenses as the insured."  *Id.* at 424.  CIIC pleads

6    both conventional and equitable subrogation in its counterclaims.  Dkt. # 47 at ¶¶ 5-6.

7         Lease Crutcher and LVI entered into a subcontract that defined the parties as

8    Contractor and Subcontractor, respectively.  Dkt. # 32 at p. 11.  The subcontract further

9    clarified that LVI's insurance was primary and noncontributory with any other insurance.

10   *Id.* at p. 23.  LVI was required to provide Lease Crutcher with Certificates of Insurance,

11   and those "certificates shall have Waiver of Subrogation in favor of the Contractor and

12   Owner."  *Id.*  Therefore, the subcontract required LVI to waive subrogation in favor of

13   Lease Crutcher, the Contractor.

14        However, CIIC paid the settlement while it was defending Lease Crutcher, and

15   therefore it claims it was standing in the shoes of Lease Crutcher, not LVI.  Dkt. # 71 at

16   p. 8.  Even if this were CIIC's preferred interpretation, it is not clear how CIIC would

17   collect from Hartford.  A key feature of subrogation is the right to reimbursement, and

18   CIIC has not shown that it has a right to reimbursement for the settlement payment.  *See*

19   *Cmty. Ass'n Underwriters of Am., Inc. v. Kalles*, 164 Wash. App. 30, 34 (2011)

20   ("Subrogation has two features. The first is the right to reimbursement, and the second is

21   the mechanism for the enforcement of the right.").  First, it is well settled that CIIC was

22   the primary insurer in this matter.  *See Columbia Asset Recovery Grp., LLC v. Kelly*, 177

23   Wash. App. 475, 487 (2013)  ("Equitable subrogation is applied broadly to include every

24   instance in which one person, not acting voluntarily, pays a debt for which another is

25   primarily liable, and which in equity and good conscience should have been discharged

26   by the latter.") (internal quotations omitted and emphasis added).  Second, CIIC could

27

ORDER- 4

1  only sidestep its primary status if Lease Crutcher were solely liable for negligence in the

2  Underlying Action.

3         CIIC has attempted several times to show that Lease Crutcher was solely liable

4  for negligence in the Underlying Action.  However, as the Court has already addressed,

5  CIIC has presented insufficient evidence for this claim.  On the other hand, Hartford

6  offered sufficient evidence that LVI, not Lease Crutcher, was arguably solely responsible

7  for the negligence.  For example, Hartford presented evidence—undisputed by CIIC—

8  that the Washington Department of Labor and Industries cited LVI for serious OSHA

9  violations on the jobsite.  *See* Dkt. ## 46 at pp. 9-10, 68 at pp. 13-14.  Hartford also

10  presented testimony suggesting LVI, not Lease Crutcher, directed operations at the

11  jobsite.  *Id.*  Instead of offering rebuttal evidence of any kind, CIIC continues to reference

12  the Amended Complaint and the Settlement Agreement, which the Court finds to be

13  insufficient.  In doing so, CIIC failed to meet its burden on summary judgment.

14  *Anderson*, 477 U.S. at 250.  Accordingly, the Court **GRANTS** Hartford's motion.  Dkt. #

15  68.

16  **C.   The Extent To Which CIIC Must Reimburse Hartford**

17         In its prior Order, the Court found that CIIC had a duty to defend Lease Crutcher.

18  Therefore, the Court granted summary judgment to Hartford, finding that it was entitled

19  to equitable contribution for its defense of Lease Crutcher.  Dkt. # 46 at p. 10.  CIIC now

20  argues that its duty to defend began on February 21, 2013, when Mr. Figueroa's estate

21  filed suit.  Dkt. # 66 at p. 2.  CIIC also argues that reimbursement is limited to the two

22  months in which CIIC had not accepted the tendered defense, and is further limited to

23  costs incurred by Hartford that were reasonable and necessary.  *Id.* at p. 7.

24         CIIC cites to the policy, which limits its duty to defend the insured against any

25  "suit" seeking certain damages.  Dkt. # 65-2 at p. 13.  The policy defines "suit" as "a civil

26  proceeding in which damages are alleged."  *Id.* at p. 39.  The subcontract between LVI

27  and Lease Crutcher appears broader, it states that LVI will defend "any and all claims,

1    demands, losses and liabilities" connected with the contracted work.  Dkt. # 16-1 at p.

2    158.  However, the only "demand" by Hartford prior to February 21, 2013, merely asked

3    that CIIC "open a claim file on behalf of" Lease Crutcher.  Dkt. # 67-1 at p. 3.  Hartford

4    did not offer evidence suggesting that CIIC failed to open this claim file as directed, or

5    that it suffered any kind of loss prior to February 21, 2013.  *See Arch. Ins. Co. v.*

6    *Scottsdale Ins. Co.*, 2010 WL 4365817, *4-5 (W.D. Wash. Oct. 27, 2010) (Plaintiff

7    explained what pre-litigation costs were incurred).  Therefore, it does not appear that

8    there are genuine issues of material fact with regard to a duty to defend prior to February

9    21, 2013.

10         At issue, then, is whether CIIC is responsible for the cost of Mr. Jager, the

11    attorney that Hartford hired while waiting for CIIC to accept the tendered defense.  In the

12    context of a reservation of rights agreement,[1] insurers are not required to provide insureds

13    with separate defense attorneys.  *See, e.g.*, *Tank v. State Farm Fire & Cas. Co.*, 105

14    Wash. 2d 381, 388 (1986).  Instead, the insurer has an enhanced obligation to (1)

15    thoroughly investigate the claim, (2) retain competent defense counsel for the insured

16    with the understanding that the insured is the only client, (3) fully inform the insured

17    about a reservation of rights agreement and any relevant issues that arise with respect to

18    this coverage, and (4) refrain from acting in a way that "would demonstrate a greater

19    concern for the insurer's monetary interest than for the insured's financial risk."  *Id.* at

20    388.  In addition, defense counsel retained by insurers in these instances must meet their

21    own distinct criteria.  *Id.*  If an insurer meets the *Tank* standard, then it "has no obligation

22    before-the-fact to pay for its insured's independently hired counsel," though the insurer

23    may be liable after-the-fact for any breach of the enhanced obligation of fairness.

24    *Johnson v. Continental Cas. Co.*, 57 Wash. App. 359, 363 (1990) (finding that the insurer

25

26    _____

27    [1] The parties agree that there is no reservation of rights agreement in this matter.

ORDER- 6

1   did not face after-the-fact liability because it met its enhanced obligation in defending
2   and settling the underlying claim).

3         CIIC did not inform Hartford that it would accept the tendered defense until
4   November 13, 2013.  Dkt. # 75-2 at p. 18.  Therefore, prior to this, it was reasonably
5   necessary for Hartford to hire its own defense counsel.  CIIC is responsible for paying
6   Hartford's defense fees from February 21, 2013 through November 13, 2013.  The
7   reasonableness of Mr. Jager's actual fees during this period, as evaluated using the
8   Lodestar method, is a question of fact and will not be decided on a motion for summary
9   judgment.  *Arch Ins. Co.*, 2011 WL 4365817, at *5.

10        After November 13, 2013, CIIC assumed Lease Crutcher's defense and employed
11  Mr. Skinner without a reservation of rights agreement.  Hartford argues that Mr. Skinner
12  did not meet his obligations under *Tank*, and therefore it was necessary to continue
13  employing Mr. Jager.  As proof, Hartford points to an alleged silence by Mr. Skinner in
14  informing Lease Crutcher that it may be liable for portions of the settlement.  Dkt. # 74 at
15  p. 4.  However, the record shows that Hartford refused to participate in the mediation and
16  requested that CIIC "defend [Lease Crutcher] aggressively while negotiating proactively
17  to protect [Lease Crutcher's] interests at the mediation in an attempt to settle the case
18  before trial."  Dkt. # 65-1 at p. 27.  CIIC appears to have vigorously represented Lease
19  Crutcher in the Underlying Action and succeeded in settling prior to trial.  Hartford did
20  not present evidence suggesting that Mr. Skinner in any way put CIIC's interests before
21  Lease Crutcher's interests.  In fact, the Settlement Agreement did not clearly place sole
22  blame for negligence on Lease Crutcher, which paved the way for Hartford's own
23  success on its motion for summary judgment in this Order.  Therefore, the Court cannot
24  discern from the record whether Mr. Skinner failed to meet his obligations under *Tank*.
25  Whether CIIC must reimburse Hartford for Mr. Jager's fees after November 13, 2013
26  remains a fact left for trial.

27

ORDER- 7

1    Therefore, the Court **GRANTS in part and DENIES in part** CIIC's motion.

2    Dkt. # 66.

3    **D.    Motion to file Settlement Agreement Under Seal**

4    Hartford seeks to file the Settlement Agreement, Dkt. # 78, under seal.  Dkt. # 72.

5    For reasons unclear to both Hartford and the Court, CIIC appears to oppose the motion.

6    Dkt. # 72 at p. 2.

7    "There is a strong presumption of public access to the court's files[,]" and the

8    Court will often seek alternatives to requests to seal documents.  Local Rules W.D. Wash.

9    LCR 5(g).  The Court **GRANTS** Hartford's motion to file the Settlement Agreement

10   under seal but **requires the parties to file a redacted version** for the public's benefit.

11   The parties may agree on the redactions; the Court typically expects the parties to make

12   limited redactions, such as redacting the settlement amount and any personal information

13   of private citizens.  The Court directs the parties to file the redacted version of the

14   Settlement Agreement within five (5) days of the date of this Order.

15                                    **CONCLUSION**

16   For all the foregoing reasons, the Court:

17   • **DENIES** CIIC's motion for partial summary judgment (indemnity), Dkt. # 64.

18   • **GRANTS in part and DENIES in part** CIIC's motion for partial summary

19        judgment (defense), Dkt. # 66.

20   • **GRANTS** Hartford's motion for summary judgment, Dkt. # 68.

21   • **GRANTS** Hartford's motion to file the Settlement Agreement under seal, Dkt.

22        # 72, but requires the parties to file a redacted version of the Settlement

23        Agreement within five (5) days of the date of this Order.

24   //

25   //

26   //

27   //

ORDER- 8

DATED this 3rd day of February, 2017.

The Honorable Richard A. Jones
United States District Judge

ORDER- 9